# EXHIBIT A

# PROMISSORY NOTE

**Principal Amount:** $400,000      **Interest Rate:** 8%      **Effective Date of Note:** February 12, 2019

**Debtor:** RxSport Corp.
2947 Felton Road
East Norriton, PA 19401

**Lender:** Disrupt Sourcing LLC
9119 Highway 6, Ste 230
Missouri City, TX 77459

**EFFECTIVE DATE.** This Promissory Note is being executed on the 26th day of February, 2019, while both Lender and Debtor acknowledge that its effective date is February 12, 2019 (the "Effective Date").

**PROMISE TO PAY.** RxSport Corp., a Pennsylvania for-profit S-Corporation duly formed and presently existing in good standing within the Commonwealth of Pennsylvania ("Debtor") by and through David Chandler, its President, does hereby promise to pay to Disrupt Sourcing LLC, a Texas Limited Liability Company ("Lender"), in lawful money of the United States of America, as and when due as provided herein, the principal amount that may be advanced from time to time at the discretion of the lender up to the face value of the Principal Amount together with interest to accrue from and after the Effective Date, on the then outstanding principal balance remaining from time to time unpaid at the rate of Eight percent (8%), and computed in accordance with the terms hereunder.

**PAYMENT.** Debtor shall pay the principal indebtedness then existing together with interest to accrue thereon at the rate of Eight percent (8%) per annum upon the twelfth (12th) month anniversary of the Effective Date described above, but subject to no less than five (5) advance days' notice of the demand for complete payment hereunder and thereby effecting termination of this Note.  Payments shall provide for the computation of interest on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Debtor will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT.** Debtor may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Debtor of Debtor's obligation to continue to make payments of accrued unpaid interest. Rather, early payments will reduce the principal balance due. Debtor agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Debtor sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Debtor will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Disrupt Sourcing LLC, 9119 Highway 6, Ste 230, Missouri City, TX 77459.

**LATE CHARGE.** If a regularly scheduled interest payment is 14 days or more late, Debtor will be charged 18.00% of the regularly scheduled payment or $500, whichever is greater. In no event shall Lender's acceptance of a late payment represent a waiver or relinquishment of Lender's right to declare Debtor in Default as permitted under this Note.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, Lender, at its option, may, if permitted under applicable law, increase the variable interest rate on this Note to 18.00 % per annum, provided such interest rate will not exceed the maximum rate permitted by applicable law. If judgment is entered in connection with this Note, interest will continue to accrue on this Note after judgment at the interest rate applicable to this Note at the time judgment is entered.

**RELATED DOCUMENTS AND CROSS-DEFAULT.** This Note is entered into my Debtor as part of a Purchase Money Security Interest to be perfected within the Commonwealth of Pennsylvania in accordance with law, and in furtherance of the following additional agreement of even date herewith, that certain Security Agreement (the "Security Agreement") entered into by and among Debtor, Lender. The aforementioned agreements are sometimes hereinafter collectively referenced, the "Related Documents."

Should Debtor be in Default of its performance obligations under any one or more of the Related Documents – then such Default shall be deemed a Cross-Default under the applicable agreement, together a Cross-Default under the other Related Documents, including without limitation, this Note – whereupon the Lender and/or its designated assignee shall be entitled to obtain immediate repossession of the Assets under the Security Agreement without incident, and to exercise any and all rights reserved to Lender hereunder and under law.

## DEFAULT

**EVENTS OF DEFAULT.** The occurrence of any one or more of the following events shall constitute a Default unless cured as provided for herein ("Default"): (a) the nonpayment of Principal and accrued interest thereon (if applicable) within ten days of its due date as required hereunder; or (b) Debtor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Debtor and such failure continues beyond thirty days after written notice thereof by Lender to Debtor; or (c) any warranty, representation or statement made or furnished to Lender by Debtor (and/or as Purchaser under the Related Documents) or under this Note or the Related Documents is/are false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter; (d) the dissolution or termination of Debtor's existence as a going business; or (e) there is any change in ownership of twenty-five percent (25%) or more of the equity of Debtor.

**PERFORMANCE WITHOUT DEMAND, NOTICE OR LEGAL PROCESS.** Upon and after the occurrence of a Default, this Note shall without demand, notice or legal process of any kind, become immediately due and payable, and Lender may proceed to exercise any other rights and remedies against Debtor with respect to this Note, or which Lender may have at law, in equity or otherwise.

**LENDER'S RIGHTS.** Upon Default, Lender may, after giving such notices as required by applicable law, declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Debtor will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Debtor does not pay. Debtor will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees actually paid and Lender's attorney's actual expenses, whether or not there is a lawsuit, including reasonable attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Debtor also will pay any court costs, in addition to all other sums provided by law.

**NO WAIVER.** Failure of Lender, for any period of time or on more than one occasion, to exercise Lender's option to accelerate this Note shall not constitute a waiver of the right to exercise the same at any time thereafter in the event of any subsequent Default. No act of omission or commission of Lender, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver of such right, remedy or recourse or any other right, remedy or recourse at any time. A waiver with reference to any one event shall not be construed as a waiver of any subsequent event or as a bar to any subsequent exercise of Lender's rights or remedies hereunder and any waiver hereunder shall be effected only through a written document executed by Lender and then only to the extent specifically recited therein.

**TIME OF THE ESSENCE.** Time is of the essence in this Note. Words used herein, regardless of the number or gender specifically used, shall be deemed and construed to include any other number, singular or plural, or any other gender, masculine, feminine or neuter, as the context requires.

**GOVERNING LAW.** This Note will be governed by, construed and enforced in accordance with federal law and the laws of the State of Texas, Harris County. **This Note has been accepted by Lender in the Commonwealth of Pennsylvania.**

**CHOICE OF VENUE.** If there is a lawsuit, Debtor agrees upon Lender's request to submit to the jurisdiction of the courts of Harris County, State of Texas.

**COLLATERAL.** Debtor acknowledges this Note is secured by specified collateral.

**FINANCIAL STATEMENTS.** The continued availability of credit evidenced by this Note is contingent upon Debtor's maintenance of a satisfactory financial condition. As such, Debtor shall provide Lender with monthly financial statements which should include an income statement and balance sheet for the business. Should Lender not receive requested financial statements as described within thirty (30) days of the end of an applicable fiscal year for Debtor, the margin of interest on this loan will be increased by 2.00% until such time as the financial statements are delivered.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Debtor, and upon Debtor's successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Debtor and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**ENFORCEABILITY AND SEVERABILITY.** In the event any portion of this instrument shall be considered unlawful or unenforceable, but may be made lawful or enforceable by limitation or reduction thereof, such portion shall be enforced to the extent of such limitation or reduction as is necessary to render this Note lawful or enforceable; if any such portion of this instrument may not be made lawful or enforceable by any such limitation or reduction, such portion shall be deemed stricken from this instrument, and the remaining part of this instrument shall continue in full force and effect.

**ASSIGNMENT.** This Note may not be assigned by Debtor without the prior agreement thereto by Lender, where such approval is subject to the sole discretion of Lender.

**HEADINGS.** Any headings preceding the text of the several Paragraphs hereof are inserted solely for the convenience of reference and shall not constitute a part of this Note, nor shall they affect its meaning, construction or effect.

**RIGHT OF REVIEW BY DEBTOR.** Debtor has been given a reasonable opportunity to review this Note with its independent counsel and identify those legal rights of Debtor which may be affected by executing this Note, and that Debtor hereby signs this Note upon its own volition and accord, and intends to be legally bound hereby.

**IN WITNESS WHEREOF, AND INTENDING TO BE LEGALLY BOUND HEREBY,** Debtor has caused this Promissory Note to be duly executed by its authorized representative and his signature hereunto is affixed on the 26th day of February, 2019.

**DEBTOR:**

RxSport Corp.

*[signature]*

David Chandler, President