CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA 19103
Phone: (215) 557-3550
Fax: (215) 557-3551
*Counsel for La Potencia, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| RXSPORT CORP., | : |
| | : Case No. 19-10187 (ELF) |
| Debtor. | : |
| | : |
| | : |

**MOTION OF LA POTENCIA, LLC FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. §362(d) OR, IN THE ALTERNATIVE,
FOR DISMISSAL OF THE RXSPORT CORP. BANKRUPTCY CASE
PURSUANT TO 11 U.S.C. §1121**

La Potencia, LLC, by and through undersigned counsel, Ciardi Ciardi & Astin, hereby files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d) or, in the alternative, for Dismissal of the Debtor's Chapter 11 Bankruptcy Case pursuant to 11 U.S.C. §1121 (the "Motion") and respectfully represents as follows:

**Background**

1. On January 10, 2019, RXSPORT CORP. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). The Debtor self-identified, on the Petition and pursuant to 11 U.S.C. §101(51D), as a Small Business Debtor.

1

2.  Since the Petition Date the Debtor has requested and received from the Court extensions of time to file its Schedules of Assets and Liabilities and its Statement of Financial Affairs (collectively referred to herein as the "Schedules"). The Debtor's schedules were subsequently filed on February 7, 2019.

3.  In the admittedly short time the Debtor has operated under the protections afforded by chapter 11 of the Bankruptcy Code, it has become evident that the Debtor is unable to rehabilitate its business. Based on a review of the Debtor's Schedules and the Debtor's Small Business Balance Sheet, Income Statement and Statement in Lieu of Cash Flow Statement as well as the Debtor's 2017 tax documents, it has become painfully clear the Debtor has no means of funding current or ongoing operations. The Debtor can neither buy inventory to complete existing orders nor can it, in good faith, take on future orders.

4.  Based upon its own books and records, the Debtor owes La Potencia, LLC at least $1,075,000.00 including interest and attorney's fees through March 15, 2019. The Debtor values its property at approximately $604,000. The Debtor owes the IRS $62,790.00. The Debtor's Chapter 11 Bankruptcy Case serves no legitimate purpose as there is nothing to distribute to unsecured creditors.

5.  The Debtor recently obtained Debtor-in-Possession financing from a lender and secured by post-petition assets.

6.  The budget provided by the Debtor through May 30, 2019 shows a loss every week. In addition, the Debtor is borrowing almost $325,000 to generate $278,000 of sales through May 30, 2019. While it is unknown if additional sales will materialize beyond May 30, 2019 relating to pre-May 30, 2019 production, there is simply no record to support any upward sales progress. In fact, the cost of goods sold over the budget period is $352,000

which barely exceeds the borrowing from the DIP Lender and doesn't include necessary deductions for payroll, administrative claims, interest or payments to the senior secured lender, La Potencia, LLC.

7. The Debtor has not yet filed a plan and does not have the ability to successfully reorganize as its retail sales have not materialized and it continues to operate at a loss.

8. La Potencia, LLC has other unsecured and/or equity claims against the estate which will impact the confirmation process.

9. La Potencia, LLC has seen no evidence that Debtor's sales or prospective sales will be sufficient to repay the DIP Financing or fund a plan.

10. Continuing losses serve only to further diminish the estate.

11. The intellectual property, equipment, brand, formulas and all other pre-petition assets and proceeds are the collateral of La Potencia, LLC.

12. The Debtor has been unable to present a proposed plan or sale to La Potencia, LLC which satisfies La Potencia, LLC's secured claim and there is no evidence that such a plan is possible.

13. Allowing the case to proceed as a chapter 11 case in its current management structure will only result in further depletion of assets to the detriment of the Debtor's creditors.

14. A plan is not confirmable unless it addresses the La Potencia, LLC claim and garners support from La Potencia, LLC given the amount of the La Potencia, LLC claim in any class.

### Jurisdiction & Venue

15. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for relief requested herein is 11 U.S.C. §§ 1112(b).

### Relief Requested

16. Pursuant to this Motion, La Potencia, LLC respectfully requests that this Court grant relief from the automatic stay pursuant to §362(d) or dismiss the above-captioned chapter 11 bankruptcy proceeding for cause pursuant to §1112(b).

### Basis for Relief Requested

Relief from the Automatic Stay

17. Under 11 U.S.C. §362(d)(1), the Court shall grant relief from the stay for cause, including lack of adequate protection. *See In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) ("It is left to the courts to determine whether cause exists on a case-by-case basis taking into account the totality of the circumstances.").

18. Failure to make post-petition payments constitutes cause for the purposes of relief from the automatic stay. *In re Watson*, 286 B.R. 594, 604 (Bankr. D.N.J. 2002).

19. Since the Petition Date, the Debtor has used La Potencia, LLC's collateral to facilitate operations without making any payments to La Potencia, LLC as adequate protection for La Potencia, LLC's perfected security interest in the collateral.

20. With such use, La Potencia, LLC's collateral is depleted and the La Potencia, LLC indebtedness continues to increase.

4

21.   As the Debtor's schedules demonstrate, and as discussed fully below, there may not be an equity cushion in this case.

22.   Accordingly, cause exists under 11 U.S.C. §362(d)(1) to grant relief from the automatic stay to La Potencia, LLC.

23.   La Potencia, LLC submits the post-petition financing obtained by the Debtor is not a long term solution to the Debtor's failing operations and respectfully submits that the Debtor will be unable to propose a viable plan, not founded solely on speculation, in a reasonable period of time as required under the case law.

Dismissal of Case

24.   La Potencia, LLC respectfully suggests that dismissal of the Debtor's Chapter 11 Bankruptcy Case is in the best interest of its estate and creditors. Section 1112(b)(1) of the Bankruptcy Code provides, in relevant part, that:

> ... [On request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

25.   "Cause" is defined in 11 U.S.C. §1112(b)(4) to include

- substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
- gross mismanagement of the estate;
- unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

26.   In this case as set forth herein, the Debtor's estate is experiencing, in part, a substantial and continuing loss or diminution in value with no reasonable likelihood of rehabilitation.

5

27. As described above, the Debtor has no ability to maintain ongoing operations let alone reorganize for the benefit of creditors. In the almost three months since the Petition Date, the Debtor has managed to obtain limited financing but not in an amount sufficient to facilitate a successful reorganization.

28. The Debtor cannot show that the DIP Financing will result in profitable operations or operations that could facilitate a successful reorganization.

29. The Debtor is operating at a continuous loss and its existence in a chapter 11 without a reasonable likelihood for reorganization serves no purpose.

WHEREFORE, for the reasons set forth above, La Potencia, LLC requests that this Court grant the relief sought herein and such other and further relief as is just and proper under the circumstances.

**CIARDI CIARDI & ASTIN**

Dated: March 26, 2019

*/s/ Jennifer C. McEntee*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
One Commerce Square
2005 Market Street, Suite 3500
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile

*Counsel for La Potencia, LLC*